IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 05-71395JKF |
| | ) Chapter 13 |
| ERNEST SMALIS, | ) Related to Docket Nos 22, 23, 26 and 28 |
| | ) |
| Debtor. | ) |

**MEMORANDUM ORDER**

The Debtor, Ernest Smalis, filed a "Motion to Reopen Case and Filing Fee (sic)" at Docket No. 22 and a "Motion Reconsideration of Dismissall Chapter 13 (sic)" at Docket No. 23 on or about July 25, 2005. This is Debtor's second bankruptcy filing since March 2003. The first was a Chapter 7. The Bankruptcy Court previously dismissed this Chapter 13 with prejudice on July 12, 2005, and issued an injunction against Debtor's filing any bankruptcy petition in any jurisdiction for two years. Further, the Court ordered that Debtor must file a motion with this Court seeking relief to file another bankruptcy before doing so.

Debtor has been incarcerated since approximately December 1999 and is serving a sentence of 20 years for illegally dumping hazardous waste. Debtor owes a fine of approximately $250,000. According to the Trustee's Motion to Dismiss With Prejudice (Docket No. 9), Debtor was previously incarcerated for fraud and tax evasion and owes restitution of nearly $3 million based on fraudulent insurance and workers' compensation claims and nearly $3.5 million in back taxes, interest and penalties. Debtor, therefore, is ineligible to be a debtor in Chapter 13 pursuant to 11 U.S.C. § 109(e).

The Debtor's "Motion to Reopen Case and Filing Fee" (Docket No. 22), is **DENIED** and Debtor's "Motion Reconsideration of Dismissal Chapter 13" at Docket No. 23 is **DENIED**..

Debtor also filed a "Motion to Conversion (sic) of a Chapter 13 to a Chapter 7 Liquidation Case" at Docket No. 26. However, permitting the conversion requires the reopening of the Chapter 13 at the outset. Debtor, as previously noted, is not eligible for Chapter 13 relief.

The Debtor's "Motion to Conversion of a Chapter 13 to a Chapter 7 Liquidation Case" (Docket No. 26) is **DENIED**.

Debtor alleged in the Motion to Reopen that he attempted to file an adversary complaint alleging violations of his due process and civil rights. A review of the docket shows that Debtor also filed at Docket No. 28 a "Motion for File Adversary Complaint (sic)." The adversary complaint establishes on its face that Debtor is complaining about a judgment entered by the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

Debtor's issues as alleged in the adversary should be the subject of appellate proceedings in the state court and are not proper subjects for bankruptcy relief under the Rooker-Feldman doctrine. The adversary action has not been docketed because the bankruptcy case was

---

[1] Although Debtor attempted to file an adversary complaint, the caption of the document is:

> Ronda J. Winnecour, Trustee,
>
> Movant,
>
> vs.
>
> Ernest Smalis,
>
> Respondent.

It is clear, nonetheless, that the Debtor intended to be the plaintiff in the adversary complaint.

2

dismissed. The adversary will not be docketed because the case remains dismissed. The

"Motion for File Adversary Complaint" (Docket No. 28) is **DENIED**.

August 16, 2005

*Judith K. Fitzgerald*
Judith K. Fitzgerald
U.S. Bankruptcy Judge

FILED

AUG 17 2005

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA